IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DIANNIA PINKSTON                                                                              PLAINTIFF

V.                              CASE NO. 3:14-cv-00089-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*
Social Security Administration                                                            DEFENDANT

## **MEMORANDUM AND ORDER**

Plaintiff Diannia Pinkston brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is not free of legal error.

**I.      PROCEDURAL HISTORY**

Ms. Pinkston protectively filed her application on November 4, 2011, alleging a disability onset date of January 1, 2010.[1] (R. at 136.) She alleges complications from bipolar disorder, hypertension, emphysema, sleep apnea, restless leg syndrome, GERD, and irregular heartbeat from a hole in her heart. (R. at 141.) The Social Security Administration denied Ms. Pinkston's claim at the initial and reconsideration levels. (R. at 11.) On May 24, 2012, an Administrative Law Judge ("ALJ) held a hearing on this matter. (R. at 11.)  Following the

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

hearing, the ALJ issued an unfavorable decision denying Ms. Pinkston's claim. (R. at 20.) The Appeals Council subsequently denied her request for review. (R. at 1.)

On April 2, 2014, Ms. Pinkston filed a complaint against the Commissioner, appealing the ALJ's denial of DIB. (Pl.'s Complaint 1, ECF No. 2.) On April 7, 2014, the parties consented to a Magistrate Judge having jurisdiction to issue a final judgment in this case. (Consent 1, ECF No. 4.) Each party has submitted a brief for the Court to consider. (Pl.'s Brief, ECF No. 11; Def.'s Brief, ECF No. 12.)

## II. ADMINISTRATIVE PROCEEDINGS

Ms. Pinkston was forty-two years old at the time of the administrative hearing and had completed her high school education and two semesters of college. (R. at 16.) She had no past relevant work. (R. at 16.) The ALJ applied the five-step sequential evaluation process to Ms. Pinkston's claim.[2] (R. at 13.) Ms. Pinkston satisfied the first step because she had not engaged in substantial gainful activity. (R. at 13.) At step two, the ALJ found that Ms. Pinkston suffered from the medical impairments of sleep apnea, gastroesophageal reflux disease ("GERD"), hypertension, chronic obstructive pulmonary disease ("COPD"), and a heart murmur. (R. at 13.) At step three, the ALJ found that Ms. Pinkston did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. § 404 Appx. 1.

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

(R. at 14.) Before proceeding to step four, the ALJ found that Ms. Pinkston had a residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b). (R. at 14.) The ALJ also concluded that Ms. Pinkston's statements concerning the intensity, persistence, and limiting effect of those symptoms were not credible to the extent they were inconsistent with her ability to perform daily tasks and her lack of treatment for her alleged impairments. (R. at 17.) The ALJ found at step four that Plaintiff had no relevant past work. (R. at 18.) At step five, the ALJ determined that a significant number of jobs existed in the national economy that Ms. Pinkston can perform. (R. at 19.) Therefore, the ALJ found Plaintiff was not under a disability.

### III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more

scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.  DISCUSSION**

Ms. Pinkston challenges the ALJ's finding that she has the residual functional capacity to perform light work. (Pl.'s Br. 8, ECF No. 11.) Specifically, Ms. Pinkston alleges: (1) the ALJ improperly considered that Ms. Pinkston did not use a C-pap machine to treat her sleep apnea when Ms. Pinkson could not afford a C-pap machine, and (2) the ALJ failed to develop the record regarding the severity of Ms. Pinkston's COPD. (*Id.* at 8-9.) Because the ALJ committed legal error in determining that Ms. Pinkston's sleep apnea is not disabling because she has not used a C-pap machine, the Court does not consider Ms. Pinkston's second claim.

Ms. Pinkston argues that the ALJ should not have taken into consideration that she was not treating her sleep apnea since she cannot afford a C-pap machine. (*Id.*). The Commissioner responds that the ALJ did not take it into consideration, but just noted the fact that she was not treating it multiple times. (Def.'s Br. 6-7, ECF No. 12.)

At the hearing, Ms. Pinkston's attorney asked Ms. Pinkston whether any of her medications were causing any side effects. (R. at 40.) When Ms. Pinkston answered in the affirmative, her attorney asked what her doctors suggest she do to minimize the side effects. (R. at 40.) Ms. Pinkston answered that the doctors cannot do anything until she gets

her C-pap machine because new medications may cause further drowsiness and she is at risk of dying when she sleeps. (R. at 40-41.)

The ALJ, in determining the severity of Ms. Pinkston's impairments, cited the holding in *Brown v. Barnhart*, 390 F.3d 535 (8th Cir. 2004), for the proposition that "if an impairment can be controlled by treatment or medication, it cannot be considered disabling." (R. at 17.) In this context, the ALJ found that Ms. Pinkston's "sleep apnea conceivably can be controlled with the C-pap machine, however, the claimant allegedly has been unable to obtain one." (R. at 17.) The ALJ further found that there "is no evidence to suggest the claimant's condition cannot be controlled adequately if she would maintain the necessary physician-patient relationship and adhere to the medication regimen suggested by the treating physician." (R. at 17.)

"[I]n determining whether an impairment is reasonably remedial, the question is whether it is reasonably remedial by the particular individual involved, given his or her social and psychological situation." *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984) (citing *Stone v. Harris*, 657 F.2d 210 (8th Cir. 1981)). A lack of sufficient financial resources to follow a prescribed treatment to remedy a disabling impairment may be justifiable cause for noncompliance. *Id.* However, the lack of sufficient financial resources is not an excuse if the claimant does not seek less costly medical attention. *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987). Before a "claimant is denied benefits because of a failure to follow a prescribed course of treatment an inquiry must be conducted into the circumstances surrounding the failure and a determination must be made on the basis of

evidence in the record whether" the prescribed treatment would restore a claimant's ability to work or sufficiently improve her condition. *Burnside v. Apfel*, 223 F.3d 840, 844 (8th Cir. 2000).

Here, the ALJ noted that Ms. Pinkston did not utilize a C-pap machine, as prescribed by her doctors for her sleep apnea. It made a determination on the record that the utilization of the C-pap machine would sufficiently improve Ms. Pinkston's condition. However, the ALJ failed to inquire "into the circumstances surrounding the failure" to use the C-pap machine. The evidence in the record suggests that Ms. Pinkston's failure to utilize a C-pap machine is based on her lack of ability to afford one. The ALJ may inquire as to whether there are less costly alternatives to treating Ms. Pinkston's sleep apnea. The ALJ may also conclude that the symptoms of Ms. Pinkston's sleep apnea are not as severe as alleged. However, those findings are not in the record today. Therefore, the Court must remand this case to the ALJ to determine whether Ms. Pinkston's sleep apnea is disabling.

**V.   CONCLUSION**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes that remand is necessary for further consideration consistent with this decision. Although the ALJ may still reach the

conclusion that Plaintiff is not entitled to benefits, it must inquire into the severity of Ms. Pinkston's sleep apnea. The ALJ may not discount the severity of the sleep apnea solely because Ms. Pinkston does not treat it with medication that she cannot afford.

SO ORDERED this 2nd day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE